|     |                                                           |
| --- | --------------------------------------------------------- |
| 1   | HONORABLE RONALD B. LEIGHTON                              |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTORIA J. PRUETT,

        Plaintiff,

    v.

SAFEWAY INC, et al.,

        Defendants.

CASE NO. C17-5399 RBL

ORDER

THIS MATTER is before the Court on the following motions: Plaintiff Pruett's Motion to Appoint Counsel [Dkt # 18]; Defendants' Motion for Partial Summary [Dkt. # 19]; and Pruett's responsive Motion for Partial Summary Judgment [Dkt. # 27]. The case arises out of Pruett's April 2014 slip and fall injury at a Safeway store in Vancouver. She made a claim and Safeway assigned it to a third party claims administrator, Defendant Sedgewick. Sedgewick denied Pruett's claim.

Pruett sued in state court. In addition to a plain vanilla premises liability claim, she asserts a claim for "breach of contract," apparently arguing that Safeway and Sedgwick agreed to honor her claim, or that she was the third party beneficiary of the contract between Safeway and

ORDER - 1

Sedgewick[1]. She asserts a negligent supervision claim[2], apparently based on Safeway's employment of whoever caused or failed to correct the condition that led to her fall. And she asserts two insurance-related claims, bad faith and negligent claims handling, based on the denial of her claim. Defendants timely removed the case here, invoking this Court's diversity jurisdiction. 28 U.S.C. § 1332.

Pruett now asks the Court to appoint counsel. Defendants seeks dismissal of Pruett's non-premises liability claims. Pruett opposes that motion and seeks judgment as a matter of law on her breach of contract and insurance related claims.

**A. Appointment of Counsel.**

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

---

[1] Pruett also sued Safeway's parent company, Albertson's. Pruett concedes [Dkt. # 27 at 3] that Albertson's should be dismissed, and its motion for Summary Judgment is therefore **GRANTED** and all of Pruett's claims against it are DISMISSED with prejudice.

[2] Pruett's Cross Motion [Dkt. # 27 at 3] concedes that this claim too should be dismissed. Defendants' Motion for Summary Judgment on this claim is similarly **GRANTED** and this claim is DISMISSED with prejudice.

The Court cannot conclude that Pruett has established either that she is likely to succeed on the merits, or that she cannot articulate her claims. As to the former, the details of Pruett's core premises liability claim are not available on this record. For the reasons discussed below, Pruett's alternate theories of liability are not well-taken. Nevertheless, she can articulate her position. This case does not present the "exceptional circumstances" required for appointment of counsel at taxpayer expense. Pruett's Motion to appoint counsel is **DENIED**.

**B. Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving

party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**C. Pruett's Breach of Contract Claim.**

Safeway and Sedgewick argue that Pruett's breach of contract claim fails for several reasons. First, they argue there is no evidence to support such a claim. Sedgewick set Pruett two letters. One explained that they would not make periodic payments for accruing medical bills, but would only make a cash payment if the parties settled the claim:

> I am sorry but Safeway is self-insured and does not have any insurance coverage to pay for medical expenses individuals incur during their recovery after an incident. We can only make payment at the time of the settlement of a claim.

[Dkt. # 22 Cryar Decl. at Ex. 2]

Sedgewick's second, denial letter cannot be construed as a contract to pay; it is instead an unambiguous rejection of liability:

> …We have carefully examined the facts and the circumstances surrounding the above incident. Although you are a valued guest to Safeway and we regret that this incident occurred, we find no liability on the part of Safeway and can make no voluntary payment to you at this time. At this time, we cannot find any negligence on the part of Safeway or its employees. If you have documentation to show otherwise, please submit to me for review. Based on the above information, we must respectfully decline to may any payments on this claim.

[Dkt. # 21 Kufner Decl. at Ex. 1] They argue that Pruett's evidence in response should be stricken as hearsay ("Safeway agreed to reimburse [me] for medical costs with some additional compensation for the inconvenience."). It argues that the remainder of Pruett's submission is irrelevant.

Safeway and Sedgewick are correct. There is no admissible evidence of an agreement to settle Pruett's claim. They declined to settle and forced Pruett to sue them, which she has done. Her claim that either defendant breached some settlement agreement fails as a matter of law. The Defendants' Motion for Summary Judgment on Pruett's breach of contract claim is **GRANTED**, and Pruett's Cross Motion for Partial Summary Judgment on this claim is **DENIED**. The claim is DISMISSED with prejudice.

**D.  Pruett's Bad Faith and Negligent Claims Handling Claims.**

Pruett also asserts bad faith and negligent claims handling claims against Sedgewick. Sedgewick argues that the claims handling requirements imposed by statute and case law apply to "insureds," not to third party claimants like Pruett. She is free to sue the insured—Safeway— and Safeway's insurer owes Safeway various obligation in the way it handles that claim. But as Sedgewick points out, it is well established in Washington that third party claimants may not sue an insurance company directly for the alleged breach of the duty of good faith. *Tank v. State Farm Fire and Cas. Co.*, 105 Wn.2d 381, 391, 715 P.2d 1133 (1986); *see also Postlewait Constr. Inc. v. Great American Ins. Cos.*, 106 Wn.2d 96, 99-100, 720 P.2d 805 (1986).

This position is correct. Nothing in the cases and articles Pruett cites changes the legal conclusion that Safeway and Sedgewick do not owe her a duty of good faith in the way they handled her claim as a matter of law.

Defendants' Motion for Partial Summary Judgment on both of Pruett's "claims handling" claims is **GRANTED**, and Pruett's Cross Motion for Partial Summary Judgment on them is **DENIED**. Pruett's bad faith and negligent claims handling claims are DISMISSED with prejudice.

The sole remaining claim is Pruett's core premises liability claim, based on her slip and fall at the Safeway store. The parties are encouraged to work to resolve that claim efficiently.

IT IS SO ORDERED.

Dated this 14th day of November, 2018.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge